UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 5:26-cv-01483-CAS-MAA | Date | April 2, 2026 |
|---|---|---|---|
| Title | Carlos Rodriguez et al v. Senior Warden et al | | |

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Not Present                          Not Present

**Proceedings:**    (IN CHAMBERS) – PETITIONER'S *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER (Dkt. 2, filed on March 25, 2026)

## I.    INTRODUCTION

On March 25, 2026, Carlos Rodriguez ("Petitioner"), pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 against the Senior Warden of Adelanto Detention Facility; David A. Marin, Field Office Director of the Adelanto Office of Detention and Removal; U.S. Immigration and Customs Enforcement ("ICE"); Todd M. Lyons, Acting Director of ICE; and Kristi Noem, Secretary of the U.S. Department of Homeland Security ("DHS"), and the United States Attorney General, (collectively, "Respondents"). Dkt. 1 ("Pet.").

The petition alleges that Petitioner's detention violates the Immigration and Nationality Act ("INA") and due process. Id. at ¶¶ 25-26. The petition requests that the Court order Petitioner's immediate release from custody. Id. at 6.

On the same day as the petition was filed, Petitioner simultaneously filed the instant *ex parte* motion for a preliminary injunction and for a temporary restraining order ("TRO"). Dkt. 2 ("App."). The *ex parte* application requests that the Court order Petitioner's immediate release from custody and additionally requests that the Court order the government not to deport Petitioner to a third country until the Court resolves the pending petition. Id. at 2.

On March 27, 2026, the Court ordered Respondents to file a response to Petitioner's *ex parte* application for a TRO and enjoined Respondents from relocating Petitioner outside the Central District of California until further order of Court. Dkt. 5.

CV-549 (01/18)                CIVIL MINUTES - GENERAL                Page 1 of 8

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                     **'O'**

| Case No. | 5:26-cv-01483-CAS-MAA | Date | April 2, 2026 |
|----------|------------------------|------|---------------|
| Title | Carlos Rodriguez et al v. Senior Warden et al | | |

On March 31, 2026, Respondents filed an opposition to Petitioner's *ex parte* application for a TRO.  Dkt. 6 ("Opp.").

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.    BACKGROUND

Unless otherwise noted, the following facts are alleged by Petitioner in the petition and are not contested by Respondents in their opposition.

Petitioner was born in Cuba and is a native of Cuba.  Pet. ¶ 12.  Petitioner entered the United States on or about September 2, 1992.  Id. ¶ 13.  Petitioner has a fourteen-year-old son diagnosed with autism spectrum disorder and Attention Deficit/Hyperactivity Disorder ("ADHD") who needs Petitioner's presence to help him with medical care and costs.  Id. ¶ 16.  Petitioner has a wife who has been unable to work due to a medical disability and receives Social Security Disability Benefits.  Id. ¶ 17.

Petitioner was detained by ICE on January 28, 2025.  Id. ¶ 14; Opp. at 1. Petitioner has submitted an Application for Cancellation of Removal for Certain Permanent Residents and an Application for Asylum and Withholding of Removal.  Pet. ¶ 18; Opp. at 1.  Petitioner has attended all immigration court hearings while detained and has complied with ICE in all regards.  Pet. ¶ 15.

According to Respondents, Petitioner was scheduled for a Rodriguez bond hearing[1] on August 1, 2025, and the request for a bond hearing was withdrawn without prejudice. Opp. at 1-2 (citing Opp. Ex. A).

---

[1] This refers to a bond hearing requested by a noncitizen subject to prolonged detention pending removal proceedings, pursuant to Rodriguez v. Robbins, 804 F.3d 1066 (9th Cir. 2015).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 5:26-cv-01483-CAS-MAA | Date | April 2, 2026 |
|---|---|---|---|
| Title | Carlos Rodriguez et al v. Senior Warden et al | | |

## III.    LEGAL STANDARD

"Ex parte applications are permitted solely for extraordinary relief.  Whether to grant them is within the discretion of the district court." Thomas v. Thomas Wylde, LLC, No. 17-CV-04158-JAK (PJWx), 2017 WL 8236279, at *1 (C.D. Cal. June 7, 2017). To justify such relief, an applicant must present evidence showing that it "will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." See Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995).

A temporary restraining order is an "extraordinary remedy," and a motion requesting one is assessed under the same rubric as a motion for a preliminary injunction. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008).  The Ninth Circuit summarized the Supreme Court's clarification of the standard for granting preliminary injunctions in Winter as follows: "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009); see also Cal Pharms. Ass'n v. Maxwell-Jolly, 563 F.3d 847, 849 (9th Cir. 2009).  Alternatively, "'serious questions going to the merits' and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction, so long as the plaintiff also shows a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1053 (9th Cir. 2010).  Serious questions are those "which cannot be resolved one way or the other at the hearing on the injunction." Bernhardt v. Los Angeles Cty., 339 F.3d 920, 926 (9th Cir. 2003) (quoting Republic of the Philippines v. Marcos, 862 F.2d 1355, 1362 (9th Cir. 1988)).

If the Court issues a TRO, it must also issue an order to show cause why a preliminary injunction should not issue.  C.D. Cal. L.R. 65-1.

## IV.    DISCUSSION

The Court finds that the *ex parte* nature of Petitioner's request for relief as to his alleged unlawful detention is appropriate because unlawful detention constitutes ongoing irreparable injury.  See Mission Power, 883 F. Supp. at 492 (discussion of showing required for *ex parte* relief); Arevalo v. Hennessy, 882 F.3d 763, 767 (9th Cir. 2018) ("Deprivation of physical liberty by detention constitutes irreparable harm.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 5:26-cv-01483-CAS-MAA | Date | April 2, 2026 |
|---|---|---|---|
| Title | Carlos Rodriguez et al v. Senior Warden et al | | |

Petitioner's *ex parte* TRO application additionally requests that the Court enjoin Respondents from removing him "to a third country until the Court resolves the pending petition." App. at 2. The petition does not include any claim or allegations regarding Petitioner's potential removal to a third country. See generally Pet. Moreover, Petitioner's removal order is not administratively final, see Opp. at 4, so Petitioner is not subject to imminent removal and, therefore, a claim challenging potential third-country removal, even if pled, would not presently be ripe. Accordingly, the Court denies this request for relief.

### A.    Jurisdiction

As a threshold matter, the Court must consider whether it has jurisdiction to review Petitioner's claims in her petition. 8 U.S.C. § 1252(g) explicitly deprives the Court of jurisdiction to review "any cause or claim by or on behalf of an alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). See Jennings v. Rodriguez, 583 U.S. 281, 294 n.3; Ibarra-Perez v. U.S., 154 F.4th 989, 996 (9th Cir. 2025); Balogun v. Sessions, 330 F. Supp. 3d 1211, 1214 (C.D. Cal. 2018); see also 8 U.S.C. §1252(b)(9) ("Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section.").

However, these statutory provisions do not provide a jurisdictional bar to this Court's ability, pursuant to 28 U.S.C. § 2241, to review Petitioner's due process claim that his *detention* in federal custody is unlawful. See Mosqueda v. Noem, No. 5:25-CV-02304 CAS (BFM), 2025 WL 2591530, at *3 (C.D. Cal. Sept. 8, 2025); Preiser v. Rodriguez, 411 U.S. 475, 484 (1973) ("The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody."); Ibarra-Perez v. United States, 154 F.4th 989, 997 (9th Cir. 2025) ("§ 1252(g) does not prohibit challenges to unlawful practices merely because they are in some fashion connected to removal orders.").

### B.    Petitioner is Entitled to a Bond Hearing

Petitioner argues that his detention is unlawful for the reasons set forth in his petition. App. at 2. In the petition, Petitioner argues that 8 U.S.C. 1231(a)(6) does not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 5:26-cv-01483-CAS-MAA | Date | April 2, 2026 |
|----------|------------------------|------|----------------|
| Title | Carlos Rodriguez et al v. Senior Warden et al | | |

allow ICE to detain a noncitizen indefinitely while attempting to carry out removal. Pet. ¶ 21 (citing Zadvydas v. Davis, 533 U.S. 678, 689 (2001)). Petitioner argues that he cannot be returned to his country of origin, Cuba, because he faces the risk of persecution and torture there. Pet. ¶ 24. Petitioner argues that because the length of his detention, since January 28, 2025, exceeds six months and Petitioner has provided good reason to believe that his removal is not significantly likely to occur in the reasonably foreseeable future, his continued detention is unlawful and violates 8 U.S.C. § 1231(a)(6) as interpreted by the Supreme Court in Zadvydas. Id. ¶ 26.

In opposition, Respondents argue that Petitioner's detention does not violate the INA because he is detained pursuant to ongoing removal proceedings, which is authorized by 8 U.S.C. § 1226(a). Opp. at 4. Respondents argue that Petitioner has not shown any violations of due process on the part of Respondents that compel his release from detention. Id. Respondents assert that Petitioner was afforded a Rodriguez bond hearing scheduled for August 1, 2025, but the request for a bond hearing was withdrawn. Id. at 1-2 (citing Opp. Ex. A). Respondents argue that Petitioner is being afforded due process under the law in his ongoing immigration proceedings where he is represented by counsel. Id.

If, as Respondents assert, "Petitioner's removal proceedings are ongoing and the removal order is not yet administratively final," Opp. at 4, then Petitioner's detention is not authorized by 8 U.S.C. 1231(a), which authorizes detention of noncitizens during a removal period that begins only after the order of removal becomes administratively final. See 8 U.S.C. § 1231(a)(1)(B)(i). Instead, as Respondents acknowledge, see Opp. at 4, Respondents' statutory authority to detain Petitioner is under 8 U.S.C. § 1226(a). "When a person is apprehended under § 1226(a), an ICE officer makes the initial custody determination." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022) (citing 8 C.F.R. § 236.1(c)(8)). "Under § 1226(a) and its implementing regulations, a detainee may request a bond hearing before an [immigration judge] at any time before a removal order becomes final." Id. at 1197 (citing 8 C.F.R. §§ 236.1(d)(1), 1003.19; see also id. at 1202 ("Section 1226(a) and its implementing regulations provide extensive procedural protections that are unavailable under other detention provisions, including several layers of review of the agency's initial custody determination, an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change.") (citing same regulations).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 5:26-cv-01483-CAS-MAA | Date | April 2, 2026 |
|---|---|---|---|
| Title | Carlos Rodriguez et al v. Senior Warden et al | | |

Here, it is unclear whether Petitioner ever requested an initial bond hearing to contest ICE's initial custody determination, and if so, on what grounds bond was denied to Petitioner.[2]  Regardless, the Court finds that Petitioner is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a) and its implementing regulations.  See Bautista v. Santacruz, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), judgment entered sub nom. Maldonado Bautista v. Noem, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).  And to the extent that Petitioner has not been afforded a prompt bond hearing after one was requested, the Court finds that Petitioner has demonstrated at least a serious question as to whether his detention violates his substantive due process rights by failing to serve any valid purpose.  Jackson v. Indiana, 406 U.S. 715, 738 (1972) (Due process requires that "the nature and duration" of detention "bear some reasonable relation to the purpose for which the individual is" detained.).  Furthermore, Respondents concede that Petitioner is now entitled to a Rodriguez bond hearing. Opp. at 4.  When a noncitizen is subject to "prolonged detention" under 8 U.S.C. § 1226, "the government must prove by clear and convincing evidence that the detainee is a flight risk or a danger to the community to justify the denial of bond."  Rodriguez v. Robbins, 804 F.3d 1065 (9th Cir. 2015), rev'd on other grounds, Jennings v. Rodriguez, 583 U.S. 281, 314 (2018).

Accordingly, the Court agrees with Respondents that a Rodriguez bond hearing is the proper remedy in this case.  See E. Bay Sanctuary Covenant v. Biden, 993 F.3d 640, 680 (9th Cir. 2021) (quoting Regents of the Univ. of Cal. v. U.S. Dep't of Homeland Sec., 908 F.3d 476, 511 (9th Cir. 2018)) (finding that injunctive relief "should be 'no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs before the court'").

The Court finds that Petitioner has met his burden to satisfy the Winter factors for temporary injunctive relief.  First, as explained, Petitioner has demonstrated that his ongoing detention without a bond hearing raises serious questions as to the merits of a

---

[2] Petitioner may have been denied an initial bond hearing on jurisdictional grounds consistent with a DHS policy and subsequent decision by the Board of Immigration Appeals that this Court and many others have found to be unlawful.  See e.g., Mosqueda v. Noem, No. 5:25-CV-02304 CAS (BFM), 2025 WL 2591530 (C.D. Cal. Sept. 8, 2025); see also Bautista v. Santacruz, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), judgment entered sub nom. Maldonado Bautista v. Noem, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 5:26-cv-01483-CAS-MAA | Date | April 2, 2026 |
|----------|------------------------|------|---------------|
| Title | Carlos Rodriguez et al v. Senior Warden et al | | |

due process claim. Second, the Court finds that Petitioner would be immediately and irreparably harmed by his continued deprivation of liberty without due process. See Hernandez v. Sessions, 872 F.3d 976, 994-95 (9th Cir. 2017) (finding irreparable harm was likely to result from government's policy of not considering financial ability to pay immigration bonds); see also Rodriguez v. Robbins, 715 F.3d 1127, 1144-45 (9th Cir. 2013) (finding irreparable harm was likely to result from government's reading of immigration detention statutes as not requiring a bond hearing for noncitizens subject to prolonged detention). And finally, while the government has a significant interest in the enforcement of its immigration laws, the Court finds that the balance of equities and public interest factors tip in favor of Petitioner because Petitioner challenges his detention without an adequate bond hearing, which would likely be in violation of federal law and the Constitution. See Valle del Sol Inc. v. Whiting, 732 F.3d 1006, 1029 (9th Cir. 2013) ("[I]t is clear that it would not be equitable or in the public's interest to allow the [government] . . . to violate the requirements of federal law.") (citations omitted); see also Rodriguez v. Robbins, 715 F.3d 1127, 1145 (9th Cir. 2013) (the government "cannot suffer harm from an injunction that merely ends an unlawful practice").

Respondents contend that Petitioner's TRO application should be denied for failure to exhaust administrative remedies because Petitioner can request a Rodriguez bond hearing. Opp. at 2-3. "If exhaustion is required by statute, it may be mandatory and jurisdictional, but courts have discretion to waive a prudential requirement." Laing v. Ashcroft, 370 F.3d 994, 998 (9th Cir. 2004). Here, Respondents do not assert, nor does the Court find, an applicable statutory exhaustion requirement. The Court exercises its discretion to not require prudential exhaustion because the relief granted herein is, in effect, for Petitioner to receive an administrative remedy. Thus, the Court's order does not "encourage the deliberate bypass of the administrative scheme." Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (citation omitted).

### C.     Bond is Waived

The Court exercises its discretion and waives the bond requirement under Rule 65(c) because Respondents have not demonstrated any likelihood of harm if the Court grants the requested TRO. See Jorgensen v. Cassiday, 320 F.3d 906, 919 (9th Cir. 2003) ("The district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct.") (citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                              **'O'**

| Case No. | 5:26-cv-01483-CAS-MAA | Date | April 2, 2026 |
|---|---|---|---|
| Title | Carlos Rodriguez et al v. Senior Warden et al | | |

## V.    CONCLUSION

In accordance with the foregoing, the Court **GRANTS IN PART** Petitioner's request for a temporary restraining order.  It is hereby **ORDERED** that:

1.  Respondents are enjoined from continuing to detain Petitioner unless Petitioner is provided with an individualized bond hearing before an immigration judge within 7 days of the date of this Order.  Respondents must provide Petitioner with a meaningful opportunity to be heard before a neutral arbiter and the opportunity to be represented by counsel and to present evidence;

2.  Petitioner may amend the habeas petition and/or seek other emergency relief if the bond hearing does not comply with due process or other applicable laws or regulations;

3.  Pursuant to General Order No. 26-05, during the pendency of petitioner's case, the government shall provide at least two days' notice to Petitioner, his counsel, and the Court of its intent to remove Petitioner from the Central District of California;

4.  Pursuant to General Order No. 05-07, further proceedings on the merits of the habeas petition are referred to the assigned magistrate judge for decision;

5.  Respondents shall show cause in writing by no later than seven (7) days of this Order as to why the Court should not issue a preliminary injunction in this case. Petitioner may file a response no later than three (3) days after Respondents' filing;

6.  Respondents shall personally serve this Order on Petitioner;

7.  Respondents shall file proof that the bond hearing occurred and the decision of the immigration judge and/or the release order within 10 days of the date this Order is issued.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |